```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KASHIEF WHITE | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-5485 (JBS/AMD) |
| v. |  |
| ERIC TAYLOR, et al., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Mr. Kashief White
654775 / SBI 739645-C
Bayside State Prison
4293 Route 47
P.O. Box F-1
Leesburg, NJ 08327
    Plaintiff Pro Se

Matthew J. Behr, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
    Attorney for Defendants Aramark Correction Services, LLC;
    Aramark, Inc.; and Dietician Carey

**SIMANDLE**, Chief Judge:

I. **INTRODUCTION**

    Presently before the court is a motion to dismiss claims against Defendants Aramark, Inc. ("Aramark"), Aramark Correctional Services LLC ("ACS") and ACS's Dietician Carey (collectively, "Aramark Defendants"). (Docket Item 14.) Plaintiff White, proceeding pro se, also brings a motion to amend the Complaint. (Docket Item 35.) This action concerns meals that the

Aramark Defendants served to Plaintiff while he was a pretrial detainee at the Camden County Correctional Facility ("CCCF"), in Camden, N.J., from 2008 to 2010. Plaintiff alleges that the Aramark Defendants served meals in an unsanitary manner and failed to provide him adequate daily caloric intake, violating his Due Process rights under the Fourteenth Amendment. He brings suit under 42 U.S.C. § 1983.

The key inquiries for the Court are whether Plaintiff has pleaded sufficient factual content regarding his daily caloric intake or his alleged physical injuries, and whether the Aramark Defendants would be prejudiced by amendment. For the reasons explained below, the Court will grant the motion to dismiss and deny the motion to amend without prejudice, permitting Plaintiff to file a new motion to amend, with a proposed Amended Complaint, within 30 days.

**II.  Background**

**A. Facts and allegations**

Plaintiff was confined at the CCCF for some time in 2008 through April 2010.[1] His Complaint states that he was a pretrial

---

[1] Plaintiff's Complaint, dated March 19, 2010, states that he "is presently confined . . . and has so been confined since December 1, 2008 with prior incarcerations of October 1, 2008 and August 23, 2008." (Compl. ¶ 5.) Plaintiff's opposition to the motion to dismiss states that he was confined at the CCCF from "August 2008 throughout April 2010." (Pl. Opp'n at 1.) Plaintiff's submissions to the Court confirm that he is no longer confined at the CCCF. (See Docket Item 35 (listing an address at Bayside State Prison in Leesburg, N.J.).)

2

detainee. (Docket Item 1 at 13.)

Plaintiff alleges that the Aramark Defendants served meals at CCCF on food trays that often had dirt, hair, dried food or "other foreign objects" on them and that the trays were cracked, allowing substances to collect along the cracks and emit odors ("Unsanitary Meal Service"). (Docket Item 1 at 10.) Plaintiff also alleges that the meals served at CCCF frequently differed from the meals as listed on the menus and provided too few calories to the inmates and detainees ("Failure to Provide Proper Caloric Intake"). (Docket Item 1 at 10-11.) Plaintiff asserts that Dietician Carey signed off on the substitutions. (Id. at 11.)

Plaintiff provides two examples of how meals served differed from meals listed on the menus. The first meal ("Lunch served on December 1, 2009") consisted of two slices of bread, two "spoonfuls" of shredded turkey meat in barbecue sauce, two spoonfuls of mashed potatoes, one spoonful of shredded cabbage with mayonnaise, four tortilla chips and a Nutri-Grain cereal bar. (Id.) Plaintiff contends the menu should have been, and was listed as, two slices of bread, three ounces of barbecue turkey meat, one cup of potatoes, one-half cup of salad with low-fat dressing, and a slice of cake. (Id.) The second meal ("Lunch served on November 25, 2009") consisted of two hotdogs and buns, four pieces of cabbage, three spoonfuls of beans and an apple.

3

(Id. at 11-12.) Plaintiff contends the menu promised that the meal included two hotdogs and buns, one-half cup of coleslaw, one-half cup of salad with low-fat dressing, three-quarters of a cup of ranch beans, and one-half cup of vanilla pudding. (Id. at 12.)

Plaintiff asserts generally that he suffered "serious emotional and physical injuries" as well as "real and measurable monetary damages" but does not allege facts supporting those conclusions. (Id. at 14.) Plaintiff does not allege facts underlying his generalized claims of physical injuries from the actions of the Aramark Defendants.

In his Complaint, Plaintiff brings four counts against Aramark, ACS and Dietician Carey.[2] The two remaining claims allege violations of the Fourteenth Amendment and are brought under 42 U.S.C. § 1983: Count IV against Aramark (Compl. ¶¶ 46-50) and Count VI against ACS and Dietician Carey (Compl. ¶¶ 56-60).

### B. Procedural history

Plaintiff and many other detainees and inmates brought virtually identical suits complaining of the general conditions

---

[2] This Court previously dismissed Count III (against Aramark) and Count V (against ACS and Dietician Carey), which alleged violations of the Eighth Amendment, because Plaintiff asserts he is a pretrial detainee, and pretrial detainees are protected by the Fourteenth Amendment, not the Eighth Amendment. (Docket Item 2.) Plaintiff also alleges other claims against other parties, not relevant for the present motion.

in the CCCF, as well as the unsanitary meal presentation and inadequate nutrition. The Court consolidated the cases and sought pro bono counsel to represent all of the plaintiffs jointly. (Docket Item 2.) At the same time, the Court dismissed all Eighth Amendment claims against pretrial detainees, who are protected by the Fourteenth Amendment, not the Eighth Amendment. (Id.) Unable to locate pro bono counsel willing to accept appointments to represent the plaintiffs, the Court de-consolidated the cases on February 6, 2012. (Docket Item 12.) The Aramark Defendants then brought unopposed motions to dismiss in ten of the individual actions.[3] The Court first dismissed claims against the Aramark Defendants in Simmons v. Taylor, No. 10-1192, 2012 WL 3863792, at *4 (D.N.J. Sept. 5, 2012). The Court then dismissed the identical claims against the Aramark Defendants in eight other actions brought by pretrial detainees, relying on the reasoning in Simmons. Cook v. Taylor, No. 10-2643, 2012 WL 4959519, at *2 (D.N.J. Oct. 16, 2012). The Court dismissed claims against the Aramark Defendants in a separate opinion, Kunst v. Taylor, No. 10-1608, 2012 WL 5451275, at *3 (D.N.J. Nov. 5, 2012), because plaintiff Kunst was an inmate protected by the Eighth Amendment, and not a pretrial detainee.

The Court never dismissed claims against the Aramark

---

[3] Plaintiff White is the only plaintiff who filed opposition to the Aramark Defendants' motions to dismiss.

Defendants in Plaintiff White's case because, before the Court decided the motion, the Court terminated Plaintiff's case without prejudice for failure to comply with L. Civ. R. 10.1(a). (Docket Item 24.) That rule requires parties to advise the Court of any change of address within seven days of such a change, and court mail sent to Plaintiff was returned as undeliverable from July 2011 to May 2012. (See Docket Items 13, 21 & 25 (documenting undeliverable mail).) In June 2012, Plaintiff contacted the Court for the first time in 10 months and provided notice of his change of address. (Docket Items 26 & 27.) The Court granted Plaintiff's motion to reopen his case and reinstated the Aramark Defendants' motion to dismiss. (Docket Items 14, 28 & 30.) Plaintiff filed opposition to the motion to dismiss (Docket Item 34) and moves to amend the Complaint (Docket Item 35), which the Aramark Defendants oppose (Docket Item 36).

### III. Standard of review

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." However, the Third Circuit has recognized that a district court justifiably may deny leave to amend on grounds "such as undue delay, bad faith, dilatory motive, prejudice and futility." Calif. Pub. Employees' Retirement Sys. v. Chubb Corp., 394 F.3d 126, 165 (3d Cir. 2004). An amendment is futile if "the complaint, as amended, would fail

6

to state a claim upon which relief could be granted." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010).

Under Rule 12(b)(6), Fed. R. Civ. P., the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations that are no more than legal conclusions are not entitled to the assumption of truth. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pleaded factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Id. (internal quotation marks omitted).

**IV.  Motion to Amend**

Plaintiff states that he "desires to correct factual

7

ommissions [sic] which states various causes of actions, that were not included in the original complaint. The defendants will not be prejudiced by the amendemet [sic] because no discovery or other pretrial motion practice has been commenced." (Pl. Mot. Br. at 4A.) Plaintiff asserts that "the interest of justice should compel this Court to grant plaintiff's request to amend . . . ." (Id.)

The Aramark Defendants rightly point out that Plaintiff does not attach a proposed Amended Complaint to his motion to amend, as required by L. Civ. R. 7.1(f) ("the moving party shall attach to the motion a copy of the proposed . . . amendments"). Therefore, Plaintiff's motion to amend must be denied. The only remaining question is whether such denial should be with or without prejudice to Plaintiff filing a new motion seeking leave to amend.

Defendants argue that denial should be with prejudice for three reasons. First, Defendants argue that there has been an undue delay in Plaintiff's seeking leave to amend, because "whatever plaintiff is seeking to add or change for his amended complaint was known at the time of the filing . . . in October 2010. Plaintiff has now had two and a half years to amend his complaint . . . ." (Def. Opp'n at 5, 7.) Second, Defendants argue that amendment would be futile because Plaintiff, even now, does not suggest that he sustained any physical injuries and, to the

extent that Plaintiff seeks to add new causes of action, those claims would be barred by the statutes of limitations. (Id. at 8-10.) Third, Defendants argue they would be prejudiced by amendment, because they "would have to expend additional funds to file a new motion to dismiss" and would have to make efforts "to investigate and find menus from 2009 (now almost four years ago), thus potentially seriously compromising defenses that could have existed if each and every allegation of a potential discrepancy in the menus and what was served is being raised by plaintiff." (Id. at 11-12.)

The Court is unpersuaded by Defendants' arguments and will deny Plaintiff's motion without prejudice.

### A. Undue delay

The Court recognizes that the original Complaint was filed on October 22, 2010, however, the action was consolidated immediately with other similar cases, and it was not unreasonable for Plaintiff to refrain from seeking to amend his Complaint while the Court searched for counsel to represent the plaintiffs jointly. The cases were de-consolidated only last year. Although Plaintiff notified the Court of his change of address last summer, and arguably could have moved to reopen his case and to amend the Complaint at that time, he moved to amend within five weeks of this Court granting his motion to reopen the case.

Defendants' citation to Fahs Rolston Paving Corp. v.

9

Pennington Props. Dev. Corp., Inc., No. 03-4593, 2007 WL 2362606 (D.N.J. Aug. 14, 2007) is unpersuasive. In that case, a motion to amend was granted in part and denied in part. Id. at *1. The motion was denied insofar as the plaintiff sought to add new plaintiffs, known to the plaintiff when the action commenced, four years after the original complaint was filed. Id. at *3. Plaintiff does not seek to add new plaintiffs here and the delay in this case is not nearly as long as that in Fahs Rolston. Additionally, the parties in Fahs Rolston were represented by counsel, whereas Plaintiff here proceeds pro se, and the Court must treat pro se plaintiffs more leniently than represented parties.

### B. Futility of amendment

Because Plaintiff does not attach the proposed amendments, the Court cannot say with certainty that amendment for claims seeking monetary relief would be futile. Plaintiff may plead facts related to a physical injury he sustained, curing one deficiency noted by Defendants. Additionally, the statute of limitations would not bar a new cause of action if the amendment "relates back to the date of the original pleading . . . ." Cruz v. City of Camden, 898 F. Supp. 1100, 1116-17 (D.N.J. 1995). Under Fed. R. Civ. P. 15(c),[4] an amendment will relate back to

---

[4] Fed. R. Civ. P. 15(c)(1) provides in relevant part: "An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense

10

the date of the original complaint if "the original pleading gave the opposing party fair notice of the general fact situation involved in the amended pleading" and "[i]f the amendment does not change the factual basis of the action but merely corrects or clarifies the allegations in the original complaint . . . ." Id. at 1117. Alternative causes of action may be added when there is "a sufficient nexus between the facts in the original complaint and the amended complaint" to give the defendant fair notice that a claim was being asserted against them based on specific conduct. Id.; see also Glover v. FDIC, 698 F.3d 139, 145 (3d Cir. 2012) ("an amendment to a pleading relates back to the date of the original pleading where 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading.'") (quoting Fed. R. Civ. P. 15(c)).

    However, any request for injunctive relief against the Aramark Defendants would be futile because Plaintiff is no longer confined at the CCCF, and therefore he lacks Article III standing to enjoin allegedly unconstitutional acts taking place there. See Vazquez v. Ragonese, 393 F. App'x 925, 928 (3d Cir. 2010) (per curiam) (affirming the district court's holding that a prisoner lacked standing to enjoin conduct at a correctional facility

---

that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]"

where he was no longer incarcerated). A detainee's "transfer from the facility in question generally moots any claims for equitable and declaratory relief, unless the challenged action is 'capable of repetition, yet evading review.'" Id. (quoting Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). Here, Plaintiff has been transferred to a different correctional facility,[5] and the alleged constitutional violations at the CCCF are not "capable of repetition, yet evading review." See, e.g., Order Approving Amended Third Consent Decree, Dittimus-Bey v. Taylor, No. 05-0063 (D.N.J., Mar. 4, 2011) (approving a consent decree in a class action suit challenging the conditions at the CCCF). Therefore, Plaintiff lacks standing for injunctive relief, and any proposed Amended Complaint must not include claims for injunctive relief against the Aramark Defendants.

## C. Prejudice

The Aramark Defendants argue they would be prejudiced by amendment in two ways: (1) they would have to file another motion to dismiss and (2) they might have to search for evidence that is now nearly four years old. (Def. Reply at 11-12.) If having to file a new motion to dismiss could qualify as prejudice to the Defendants, no motion to amend would ever be granted. The concern about evidence is more compelling, however the Aramark Defendants

---

[5] See Docket Item 35 (listing Plaintiff's address at Bayside State Prison in Leesburg, N.J.).

knew in 2010 that menu discrepancies were at the heart of Plaintiff's complaint and several other nearly identical complaints that described other meals on other dates. See Cook, 2012 WL 4959519, at *1 n.4 (noting the different substituted meals described in the related complaints). Although the menu evidence is a few years old now, it was not when the Aramark Defendants were put on notice that such evidence would be relevant, and indeed placed at issue, in more than 10 lawsuits filed against them.

Therefore, Plaintiff's motion is denied without prejudice to his filing a new motion seeking leave to amend, along with a proposed Amended Complaint that cures these deficiencies, within 30 days of the entry of this Opinion and Order on the docket.

## V. Motion to dismiss

Having denied Plaintiff's motion to amend, albeit without prejudice, the Court will proceed to consider Defendants' motion to dismiss.

Aramark Defendants argue that the allegations in the Complaint do not rise to the level of a "'sufficiently serious' deprivation" to be actionable under the Fourteenth Amendment. (Def. Mot. Br. at 3, 8.) Defendants acknowledge that some meals did not align with the menu as listed but argue that "Plaintiff still received as alleged a balanced meal and the allegation that he did not receive what he was supposed to pursuant to the menu .

13

. . does not rise to the level of a valid cause of action under the Fourteenth Amendment . . . ." (Id. at 9.) Defendants also argue that Plaintiff "has failed to allege any physical injury as a result of this allegation" and that, to recover for mental or emotional distress, a prisoner must allege a physical injury. (Id. at 9 (citing 42 U.S.C. § 1997e(e).) Defendants request dismissal.

In opposition, Plaintiff argues that the law requires prison officials to provide for detainees' basic needs, such as food and shelter. (Pl. Opp'n at 2.) Plaintiff urges the Court to construe his Complaint liberally and emphasizes that his main allegation is the "failure to provide proper caloric intake." (Id. at 3.) He stresses that the two listed examples of substituted meals were mere illustrations of an ongoing problem and that "it would not have been practical . . . to list and/or describe each meal d[ur]ing his two year period of imprisonment . . . . [A] reasonable person would contend t[ha]t two (2) descriptions is adequate to represent on going Constitutional violations." (Id. at 3-4.) Plaintiff reiterates that not only were substitutions made, but serving sizes were reduced. (Id. at 3.) "Although the complaint states 'spoon(s)', it was plaintiff's intention to specify that the serving size was 'teaspoons'." (Id.) (emphasis in original.) Plaintiff contends that this is a serious deprivation, id., and that he "does not have to assert injury to

14

seek injunctive relief . . . ." (Id. at 5.)

In reply, the Aramark Defendants add that this Court's previous opinions on this issue are the "law of the case," and therefore the motion to dismiss must be granted. (Def. Reply at 4.) Defendants also argue that Plaintiff's claims for injunctive relief must be denied because he is no longer held at the CCCF. (Id. at 11.)

As the Court stated in Simmons, a due process violation of the Fourteenth Amendment occurs when "the conditions of confinement complained of amounted to punishment prior to the adjudication of guilt." Simmons, 2012 WL 3863792, at *3 (citing Bell v. Wolfish, 441 U.S. 520 (1979) and Acevedo v. CFG Health Sys. Staff, No. 10-5103, 2010 WL 4703774, at *4 (D.N.J. Nov. 12, 2010)). A "measure amounts to punishment when there is a showing of express intent to punish on the part of the detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Simmons, 2012 WL 3863792, at *3 (quoting Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007)). The due process standard under the Fourteenth Amendment contains both objective and subjective components; "the objective component requires an inquiry into whether the deprivation [was] sufficiently serious and the subjective component asks whether the officials act[ed] with a

15

sufficiently culpable state of mind." Simmons, 2012 WL 3863792, at *3 (quoting Stevenson, 495 F.3d at 68) (internal quotation marks omitted). A prison official "cannot be held liable under the [constitutional standard] unless the prisoner shows both an objectively serious risk of harm and that the officials knew about it and could have prevented it but did not." Simmons, 2012 WL 3863792, at *3 (quoting Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009)).

In Simmons, the Court held that the plaintiff's complaint failed to satisfy the objective component described in Stevenson. Simmons, 2012 WL 3863792, at *4. The complaint, which alleged deviations from the menu for two meals, did

> not raise a plausible inference that Defendants caused Plaintiff to suffer from malnutrition as a result of having, for example, a "Nutri Grain bar" substituted for a slice of cake. Plaintiff's allegations do not permit the Court to conclude that he was offered an insufficient number of calories even for a single day, as the only specific allegations relate to single meals in the day, and Plaintiff's conclusory statements that his diet was insufficient is not accorded the presumption of truth under Iqbal.

Id. (internal citation omitted). Turning to the allegations of unsanitary conditions, the Court held that the complaint likewise failed to

> rise to the threshold of the objective component of the standard announced in Stevenson. Plaintiff does not allege that he or any other inmate became ill or otherwise suffered any injury from the preparation of the food. Indeed, Plaintiff does not allege facts sufficient to plausibly show that such conditions occurred frequently or rarely during the time of his

>      confinement at CCCF. Accordingly, the Court concludes
>      that Plaintiff fails to state a claim against the
>      moving Defendants . . . .

Id.

The portion of Plaintiff White's Complaint alleging unsanitary meal service and failure to provide proper caloric intake is identical to plaintiff Simmons's complaint.[6] (Compare Docket Item 1 (Compl.) at 10-12, with Complaint at 9-11, Simmons v. Taylor, No. 10-1192, 2012 WL 3863792 (D.N.J. Sept. 5, 2012).) For the reasons stated in the Simmons opinion, Plaintiff's claims against the Aramark Defendants must be dismissed for failure to state a claim.

Plaintiff, in opposition, appears to argue that his Complaint states a claim because the allegations are sufficiently clear and the alleged legal violations are sufficiently serious. (Pl. Opp'n at 2-4.) Plaintiff justifies listing only two examples of meal substitutions on practical grounds, as if giving the Court and the Aramark Defendants notice of the alleged wrongful conduct were sufficient to survive a motion to dismiss. (Id. at 3-4.) However, the U.S. Supreme Court abandoned a notice-pleading standard in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63

---

[6] The only difference between the complaints is that Plaintiff White replaces the word "floor" with the word "food," where plaintiff Simmons's use of the word "floor" appeared to be a typo: "Meal trays are distributed in a manner in which dirt, hair and other foreign objects from the floor often end up on the inmate's trays and in their food." (Docket Item 1 at 10) (emphasis added).

(2007), and Iqbal, 556 U.S. at 678-80, and now requires plaintiffs to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (emphasis added). Without sufficient factual allegations, a claim cannot have "facial plausibility," even if the legal allegations are sufficiently clear. Id. The facts alleged in Plaintiff's Complaint do not permit a reasonable inference that Plaintiff received insufficient calories on any single day, as Plaintiff describes only a single meal on each day referenced.

Additionally, it is not clear that the factual content alleged about the substituted meals permits a reasonable inference that the meals provided constitutionally insufficient calories, even if those substituted meals provided fewer calories than the listed meals would have. A posted menu does not create an entitlement of constitutional dimension to receive the food listed on it. Moreover, Plaintiff does not plead factual content relating to any physical injury he sustained from either the alleged inadequate caloric intake or the unsanitary meal service conditions. Without more factual content about the alleged insufficient diet or unsanitary conditions, the claims against the Aramark Defendants must be dismissed.

Because the Court has denied Plaintiff's motion to amend, but granted Plaintiff 30 days in which to file a new motion to

18

amend, the Court will grant the motion to dismiss without prejudice, pending Plaintiff's filing of a new motion to amend within 30 days.

### VI. Conclusion

Because Plaintiff did not attach a proposed amended complaint to his motion to amend, his motion is denied without prejudice to filing a new motion seeking leave to amend, along with a proposed Amended Complaint curing the deficiencies noted herein, within 30 days of the entry of this Opinion and Order on the docket. Any proposed Amended Complaint must be consistent with this Opinion and must not include claims for injunctive relief against the Aramark Defendants. Plaintiff may propose amendments only to claims against the Aramark Defendants; no other pleadings may be amended at this time. The Aramark Defendants' motion to dismiss the Complaint is granted without prejudice to Plaintiff filing a new motion to amend within 30 days. An accompanying Order will be entered.

| | |
|---|---|
| **April 5, 2013** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

19