```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KASHIEF WHITE, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil No. 10-5485 (JBS/AMD) |
| v. | |
| ERIC TAYLOR, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Kashief White
116 Blackwood Clementon Rd.
Apt. G-304
Clemonton, NJ 08021
    Plaintiff Pro Se

Anne E. Walters, Esq.
Office of County Counsel
Courthouse, 14th Floor
520 Market Street
Camden, NJ 08102
    Attorney for Defendants Warden Eric Taylor, Deputy Warden
    Christopher Fossler, Deputy Warden Anthony Pizzaro, Rodney
    Greco, Camden County and Camden County Freeholders

**SIMANDLE**, Chief Judge:

**I.   Introduction**

This matter is before the Court on Plaintiff Kashief White's motion to file an amended complaint.[1] [Docket Item 63.] Plaintiff alleges he suffered from inadequate nutrition and

---

[1] There are also two pending motions for summary judgment. [Docket Item 66 & 68.]

constitutionally deficient conditions at the Camden County Correctional Facility ("CCCF") in Camden, N.J. He now seeks to amend his complaint against the Camden County Defendants,[2] adding official and individual capacity claims against the individual County Defendants, adding factual allegations in support of his claims, and adding a prayer for injunctive relief.

For the reasons explained below, the Court will deny the motion to amend on the grounds of undue delay, prejudice to Defendants, and futility.

**II. Background**

   **A. Facts**

The background of this case has been discussed at length in previous opinions, which are incorporated herein. See White v. Taylor, No. 10-5485, 2013 WL 4595885, at *1-*2 (D.N.J. Aug. 28, 2013), ECF No. 54; White v. Taylor, No. 10-5485, 2013 WL 1412300, at *1-*2 (D.N.J. Apr. 5, 2013), ECF No. 40; Cook v. Taylor, No. 10-2643, 2012 WL 4959519, at *1-*2 (D.N.J. Oct. 16, 2012). In brief, Plaintiff was confined at CCCF from December 2008 through April 2010 as a pretrial detainee. (Am. Compl. [Docket Item 44-1] at 2, 16.) He alleges that he suffered physical injuries due to nutritionally deficient meals prepared

---

[2] The Camden County Defendants include Camden County, Warden Eric Taylor, Deputy Warden Christopher Fossler, Deputy Warden Anthony Pizzaro, Rodney Greco, and the Camden County Freeholders.

by the Aramark Defendants,[3] who provided meal service at the facility. He also alleges that the conditions of confinement were constitutionally deficient because of (1) overcrowding, (2) the lack of adequate cleaning supplies, (3) improper handling of medical needs, (4) understaffing, and (5) the failure to classify inmates or to prevent violence.

### B. Procedural History

Plaintiff and many other detainees and inmates brought virtually identical suits complaining of the general conditions at CCCF, as well as the unsanitary meal presentation and inadequate nutrition. The cases were consolidated for a time, but eventually de-consolidated because the Court was unable to locate pro bono counsel willing to accept appointments to represent the plaintiffs. [Docket Item 12.] After de-consolidation, the Aramark Defendants filed a motion to dismiss on March 6, 2012 [Docket Item 14], which Plaintiff did not oppose. The Court dismissed claims against the Aramark Defendants in all cases except Plaintiff's, because before the Court decided the motion, the Court terminated Plaintiff's case without prejudice for failure to comply with L. Civ. R. 10.1(a).[4]

---

[3] The Aramark Defendants include Aramark, Inc., Aramark Correctional Services, LLC, and Dietician Carey.

[4] L. Civ. R. 10.1(a) requires parties to advise the Court of any change of address within seven days of such a change. In this case, the Court mail sent to Plaintiff was returned as

[Docket Item 24.] See Simmons v. Taylor, No. 10-1192, 2012 WL 3863792, at *4 (D.N.J. Sept. 5, 2012) (dismissing claims); Cook, 2012 WL 4959519, at *2 (same); Kunst v. Taylor, No. 10-1608, 2012 WL 5451275, at *3 (D.N.J. Nov. 5, 2012) (same).

Plaintiff reemerged six weeks later to file a notice of change of address. [Docket Item 26.] Six months after that, Plaintiff moved to reopen his case. [Docket Item 28.] The Court reopened Plaintiff's case and reinstated the Aramark Defendants' motion to dismiss. [Docket Items 14 & 30.] Plaintiff requested, and received, additional time to file opposition, and then simultaneously filed his opposition and a motion to amend the Complaint, without attaching a proposed Amended Complaint. [Docket Item 35]. The Court granted the Aramark Defendants' motion to dismiss without prejudice and granted Plaintiff additional time to file his motion to amend. [Docket Item 41.] Upon Plaintiff's refiling of his motion to amend, the Court granted the motion as to Plaintiff's Fourteenth Amendment Due Process Clause claim against the Aramark Defendants, because Plaintiff alleged that the small meal portions did not provide him adequate nutrition and resulted in physical injuries. White, 2013 WL 4595885, at *5. The Court denied Plaintiff's motion to

---

undeliverable from July 2011 to May 2012. (See Docket Items 13, 21, & 25 (documenting undeliverable mail).)

add a conspiracy claim against both the Aramark Defendants and the County Defendants. Id. at *5-*6.

By letter on January 23, 2014, Matthew J. Behr, Esq., counsel for the Aramark Defendants, alerted the Court that he was having difficulty communicating with Plaintiff, that Plaintiff was not answering Defendants' discovery requests, and that legal correspondence sent to Plaintiff was returned as undeliverable. [Docket Item 61.] The Court mailed a letter to Plaintiff requesting that he to explain why he had been unable to answer Defendants' requests and why he did not update his address with the Court. [Docket Item 62.] Plaintiff never responded to the Court's letter but, approximately one week later, filed the present motion to amend his Complaint. Plaintiff has not contacted the Court since; he did not file a reply brief in support of his motion to amend, and he has not filed opposition to Defendants' two motions for summary judgment.

**III. Standard of Review**

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." However, the Third Circuit has recognized that a district court justifiably may deny leave to amend on grounds "such as undue delay, bad faith, dilatory

5

motive, prejudice and futility." Calif. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 165 (3d Cir. 2004).

**IV. Discussion**

Plaintiff seeks to again amend his civil rights claims against the County Defendants. In his motion, Plaintiff does not highlight exactly what changes he seeks to make.[5] Most obviously, Plaintiff adds official and individual capacity claims against the individual County Defendants and new factual allegations in support of his deliberate indifference claims. For instance, Plaintiff now alleges that, in 2008, he suffered from a dog bite injury that went untreated, and he contracted a MRSA infection on his left arm. (Proposed Verified Am. Compl. [Docket Item 63] at 10-11.) His previous Amended Complaint, filed in April 2013, contains no allegation that he actually contracted MRSA, merely that he was housed with inmates who received treatment for MRSA, and that he was "exposed on a daily basis to a highly contagious disease . . . ." (Am. Verified Compl. [Docket Item 44-1] at 16.) As another example, Plaintiff now alleges that Defendant Warden

---

[5] The County Defendants assert, for instance, that Plaintiff "has added an allegation in the Preliminary Statement Section that the defendants 'have established a pattern of violating the inmates' constitutional rights,' and now claims that he exhausted his administrative remedies . . . ." (County Opp'n at 3.) However, Plaintiff's previous Amended Complaint included a Preliminary Statement Section that the "defendants have established a pattern of violating the inmates Constitutional rights." (Am. Verified Compl. [Docket Item 44-1] at 2.)

6

Taylor told him: "'This is Camden County -- nobody cares about you guys, and as far as I am concerned, you guys don't have any rights!!'" (Proposed Verified Am. Compl. at 10.) The proposed Amended Complaint also includes a prayer for injunctive relief[6] and continues to contain a claim for conspiracy against the Aramark Defendants (Id. at 22), despite the fact that the Court dismissed such a claim in its most recent Opinion. See White, 2013 WL 4595885, at *6.

    The County Defendants argue that amendment should not be permitted because (1) discovery has ended, (2) Plaintiff provides no explanation for delay, (3) Plaintiff could have included the new factual allegations in the original Complaint, and (4) Defendants would be prejudiced by reopening discovery. (County Opp'n at 4.)

    The Court will deny Plaintiff's motion to amend. Until now, the Court has tolerated Plaintiff's dilatory behavior but will permit no further delay. Plaintiff has not been diligent in bringing this motion, or in pursuing this case in general, and permitting amendment would cause prejudice to the Defendants and additional undue delay in a case that is now more than three years old. Additionally, amendment of at least two of Plaintiff's proposed claims would be futile, as the claims lack legal merit. See Calif. Pub. Employees' Ret. Sys., 394 F.3d at

---

[6] Plaintiff is no longer confined at CCCF.

7

165 (describing undue delay, prejudice, and futility as justifiable reasons to deny a motion to amend).

As described more fully <u>supra</u>, Part II.B, after the Aramark Defendants filed their motion to dismiss on March 6, 2012, Plaintiff effectively disappeared for more than three months without filing opposition. He did not move to reopen this case for an additional six months after notifying the Court of his change of address. He requested and received additional time to file opposition and simultaneously filed an incomplete motion to amend with his opposition. Due to the pending motions on the docket, the Court ordered Plaintiff to propose amended claims only as to the Aramark Defendants. Despite that directive, Plaintiff filed, and the Court liberally considered, amended claims against the County, as well. The Court granted Plaintiff's motion in part on August 28, 2013, and Plaintiff waited another five months before filing the present motion to amend. In the meantime, a Scheduling Order was entered on November 19, 2013, setting January 31, 2014, as the deadline for pretrial factual discovery, with motions for summary judgment due February 7, 2014. [Docket Item 58.] Plaintiff did not object to, or seek to alter, this timetable. Plaintiff's motion to amend was docketed the day before pretrial factual discovery was to close. Plaintiff has not shown good cause for his delay in

8

seeking to amend his claims, nor has he offered any rebuttal in support of his motion.[7]

The Court also agrees that amendment would prejudice Defendants, now that pretrial factual discovery has closed, two dispositive motions have been timely filed, and the deadlines for expert disclosures and depositions have passed. This is not a case where discovery disclosed to Plaintiff previously unknown facts that he now seeks to include in his Complaint. Plaintiff has been aware of all of the "new" factual allegations for at least three years and could have included them in the original Complaint or any of Plaintiff's previous motions to amend. Plaintiff also could have sought to amend his Complaint in a timely manner upon the Court's determination of his previous motion to amend, which was months before the close of discovery -- indeed, months before the Scheduling Order was entered. Instead, Plaintiff waited five months until discovery was effectively complete to file the motion. Reopening discovery to

---

[7] In fact, Plaintiff has made no contact with this Court since he filed the motion to amend in January. He did not file a reply brief in support of his motion, and he has not filed opposition to the two pending motions to dismiss. Nor did Plaintiff respond to the Court's letter of January 24, 2014, asking him to explain why he had been unable to answer Defendants' discovery requests, as alleged by counsel for the Aramark Defendants. [Docket Item 62.] These are all consistent with causing undue delay to his own case coupled with indifference to court schedules and directives, including deadlines previously extended for his benefit as an act of leniency.

9

investigate and defend against new allegations would prejudice Defendants.

Finally, Plaintiff proposes claims in his Amended Complaint that lack legal merit, and therefore, amendment would be futile. Plaintiff continues to bring a conspiracy claim, despite the fact that the Court has dismissed this claim. (Proposed Verified Am. Compl. at 22.) Moreover, Plaintiff's new allegations for injunctive relief fail as a matter of law because he is no longer confined at CCCF and there is no indication that he is likely to return to confinement. See Jerry v. Francisco, 632 F.2d 252, 255 (3d Cir. 1980) ("We agree that [the plaintiff's] injunctive claims are moot, since he no longer is in the Jail and there is no evidence that he will be transferred back to the Jail"); Robinson v. Ricci, No. 08-2023, 2012 WL 1067909, at *12 (D.N.J. Mar. 29, 2012) (holding that, because a plaintiff was no longer confined in a state prison, his claims for injunctive relief had been rendered moot). Amendment of these claims would be futile.

**V. Conclusion**

    The Court will deny Plaintiff's motion to amend on the grounds of undue delay, prejudice to Defendants, and futility. An accompanying Order will be entered.


| | |
|---|---|
| **April 14, 2014** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |